**CALDWELL v. JORDAN.**
Civ. No. 6385.

United States District Court,
N. D. Alabama, S. D.

Aug. 31, 1953.

Spain, Gillon, Grooms & Young, Birmingham, Ala., for plaintiff.

John D. Hill, U. S. Atty., Birmingham, Ala., and James P. Garland, Special Asst. to the Atty. Gen., Washington, D. C., for defendant.

LYNNE, Chief Judge.

This is an action by Mrs. Leona T. Caldwell, as Executrix of the estate of her deceased husband, to recover a refund of estate taxes paid under protest after determination of a deficiency assessment. The two issues in the case are whether the proceeds of two separate groups of insurance policies are taxable as part of the estate of the deceased.

The first group consists of the proceeds of three life insurance policies in the amount of $18,500, identified as items 10, 11 and 12 in Schedule D–1 of the estate tax return. As to this issue the Court, at the conclusion of the trial, orally announced its finding that the proceeds of these policies were not properly includable in the estate of the deceased because Mrs. Leona T. Caldwell, as named beneficiary, had applied for these policies and had paid the premiums out of her own separate funds. As to this issue judgment will be entered for the plaintiff.

The second issue presented is whether the proceeds of certain other life insurance policies in the amount of $75,734.-63, identified as 17, 17(a), 18, and 20 through 32, inclusive, in Schedule D–2 of the estate tax return, are includable in the estate of the deceased. As to this issue the plaintiff contends that she had actual ownership of the insurance policies by way of gift or agreement or, in the alternative, by way of an actual or resulting trust. The defendant contends that the total amount of the proceeds is taxable to the estate of the deceased under either subparagraph (A) or (B) of Section 811(g)(2) of the Internal Revenue Code, as Amended by Act of October 21, 1942, Section 404(a), c. 619, 56 Stat. 798, 26 U.S.C.A. § 811(g)(2), which provides:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \*

"(g) *Proceeds of life insurance*

\* \* \* \* \* \*

"(2) *Receivable by other beneficiaries.* To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. For the purposes of clause (A) of this paragraph, if the decedent transferred, by assignment or otherwise, a policy of insurance, the amount paid directly or indirectly by the decedent shall be reduced by an amount which bears the

same ratio to the amount paid directly or indirectly by the decedent as the consideration in money or money's worth received by the decedent for the transfer bears to the value of the policy at the time of the transfer. For the purposes of clause (B) of this paragraph, the term 'incident of ownership' does not include a reversionary interest."

The defendant objected to parts of the testimony of Mrs. Leona T. Caldwell on the ground that she was not competent to testify under Title 7, Section 433, Code of Alabama 1940.[1] The Court admitted her testimony under a reserved ruling as to its competency.

 The evidence disclosed that the deceased reserved the right to change the beneficiary and the right to pledge, assign, surrender or cancel each of the policies involved herein. In fact, policies identified as items 17, 17(a), 23, 24 and 25 were assigned by the deceased as collateral security to the First National Bank of Birmingham on the 12th day of June, 1940. These incidents of ownership are sufficient to place the proceeds of these policies in the gross estate of the deceased under Section 811(g)(2) (B).

The testimony of Mrs. Caldwell, admitted under the reserved ruling as to its competency, even if considered competent, does not negate this conclusion. There is not sufficient evidence to sustain the finding of a gift or trust. Policies were deposited in a joint safety deposit box used more frequently by the deceased than his wife and were at all times available to the deceased so that he might exercise his incidents of ownership.

This holding by the Court renders moot a determination of whether the evidence of Mrs. Caldwell was admissible because even considering such evidence, the plaintiff is not entitled to recover.

It likewise renders academic any decision in reference to the direct or indirect payment test of Section 811(g)(2) (A).

Accordingly, judgment as to this issue will be entered for the defendant.

1. "In civil suits and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed, or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness, or has been taken and is on file in the cause. No person who is an incompetent witness under this section shall make himself competent by transferring his interest to another."